IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY LOVE, )<br>No. R43579, )<br> )<br>      Plaintiff, )<br> )<br>vs. )<br> )<br>RICHARD HARRINGTON, )<br>SHEL STILLWELL-DAVIS, )<br>TIMOTHY R. VEATH, )<br>JASON N. HART, and )<br>DIRECTOR GODINEZ, )<br> )<br>      Defendants. ) | Case No. 15-cv-00937-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Rodney Love is an inmate currently housed at Stateville Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to a 2013 disciplinary conviction while he was housed at Menard Correctional Center, which is within this judicial district.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted

if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint and accompanying documentation, on November 20, 2013, C/O Stillwell-Davis issued Plaintiff Love a disciplinary report charging him with attempted bribery and extortion in relation to Plaintiff's alleged attempt to bribe Stillwell-Davis to get a cigarette (Doc. 1, p. 14-15). The prison Adjustment Committee, comprised of Lt. Timothy R. Veath and C/O Jason Hart, conducted a hearing and found Plaintiff guilty of the charge (Doc, 1, pp. 16-17).

According to the complaint and Adjustment Committee report (Doc. 1, p. 6, ¶ 6; p. 16), the Committee relied upon Stillwell-Davis's statement and disciplinary report, which contained a relatively lengthy narrative, complete with a recitation of what was purportedly said between Plaintiff Love and C/O Stillwell-Davis that resulted in the disciplinary charge (Doc. 1, p. 16). The report also indicates that Plaintiff pleaded not guilty, and that no witnesses were requested (Doc. 1, p. 16). Plaintiff's punishment was one year in segregation, demotion to C-grade, and a loss of commissary privileges. The Adjustment Committee's recommended findings and penalties were approved by Warden Richard Harrington (Doc. 1, p. 17).

Plaintiff's two institutional grievances challenging the evidentiary basis for his conviction (Doc. 1, pp. 23-26) were sent to "a female counselor" and Richard Godinez, Director of the Illinois Department of Corrections, but no responses were ever received. The thrust of the

grievances, and this civil rights complaint, is that it was Plaintiff's word against C/O Stillwell-Davis's; no audio or video recording was presented; Plaintiff never had the relevant conversation with Stillwell-Davis; his witness was never called; and the Adjustment Committee afforded Stillwell-Davis's statement/report credibility without any explanation.  Plaintiff also contends the disciplinary ticket and/or report fails to comply with administrative rules.

The complaint also reflects that while in segregation Plaintiff's property was stolen by unknown staff members in retaliation (for what is not specified), he was not given medical treatment related to mold, he lost weight, and a guard threatened physical violence whenever Plaintiff's attorney called (Doc. 1, pp. 8-9).[1]

Plaintiff contends all five defendants violated his Fourteenth Amendment right to due process.  He seeks declaratory judgment, compensatory and punitive damages, and injunctive relief in the form of a low-security, "workforce" prison, and to never be returned to Menard (where he fears retaliation).

Based on the allegations in the complaint and supporting documentation, the Court recognizes the following overarching claim.

**Count 1:   Defendants violated Plaintiff's Fourteenth Amendment right to due process in relation to the November 20, 2013, disciplinary report and subsequent administrative proceedings.**

### Discussion

In *Wolff v. McDonnell,* 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to disciplinary segregation, or otherwise subjected to

---

[1] Because none of the allegations regarding the conditions of confinement pertain to a named defendant, the Court perceives that that information is offered only to reflect that segregation imposed an atypical hardship, thereby triggering a liberty interest and the right to due process. Any intended Eighth Amendment claims are inadequately pleaded and should be considered dismissed without prejudice.

some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556–572. The minimum procedural due process requirements in disciplinary proceedings include: (1) advance written notice of the charges against him; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence in his defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff,* 418 U.S. at 563–69. In addition, the decision of the Adjustment Committee must be supported by "some evidence." *Black v. Lane,* 22 F.3d 1395 (7th Cir. 1994). In other words, courts must determine whether the disciplinary decision has some factual basis. *Webb v. Anderson,* 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

For purposes of triggering due process protections, an inmate has a liberty interest in avoiding placement in more restrictive conditions, like segregation, when the conditions "pose an atypical and significant hardship when compared to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483–84 (1995). But "inmates have no liberty interest in avoiding transfer to discretionary segregation-that is, segregation imposed for administrative, protective, or investigative purposes." *Id.* (citing *Lekas v. Briley,* 405 F.3d 602, 608–09 n. 4 (7th Cir. 2005) ("[R]eassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest.")); *Crowder v. True,* 74 F.3d 812, 815 (7th Cir. 1996). This is because discretionary, or administrative, segregation is not considered "atypical," but rather an "ordinary incident of prison life" that prisoners should anticipate during their time in prison. *Townsend v. Fuchs,* 522 F.3d 765, 771 (7th Cir. 2008).

"[I]f the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh," then some process is needed. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009). When the period of confinement is lengthy, courts should examine the conditions in segregation and compare those to the conditions outside of segregation to determine whether process is necessary. *See id.* (collecting cases and noting that a year of segregation requires examination of the "factual record"). However, when the period of confinement is short, the Seventh Circuit has "affirmed dismissal without requiring a factual inquiry into the conditions of confinement." *Id.* (citing cases where prisoner was placed in segregation for fifty-nine days, sixty days, and seventy days, respectively, and no factual inquiry into the severity of segregation conditions was necessary); *see also Younger v. Hulick,* 482 Fed. Appx. 157, 159 (7th Cir. 2012) (citing 70 days as an example of a length of time in segregation that does "not require inquiry into conditions").

When a year in segregation was at issue in *Wagner v. Hanks,* 128 F.3d 1173 (7th Cir. 1997), the appellate court concluded that dismissal on the pleadings was inappropriate in that particular case, and the case was remanded for additional fact-finding. *Id*. at 74, 77. The Seventh Circuit reasoned  that "the absence of any factual record in the district court on the issue makes it inappropriate for [the appellate court] to affirm out of hand." *Id.* at 1177; *see also Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). Love's complaint, however, describes the conditions in segregation to a degree that permits the Court to dismiss the complaint upon preliminary review.

According to the complaint, while in segregation Love's property was stolen by unknown staff members in retaliation, he was not given medical treatment related to mold, he lost weight, and a guard threatened physical violence whenever Plaintiff's attorney called (Doc. 1, pp. 8-9).

Except for the there being mold in segregation and presumably not in the general population area, the conditions Plaintiff describes are due to the actions of individuals who are not parties to this action, as opposed to conditions associated with segregation placement/conditions. The presence of mold is not atypical *per se*. The complaint does not otherwise suggest that the conditions of confinement were atypical, and the one-year period, alone, does not automatically create a liberty interest.

Similarly, the fact that Plaintiff Love may have been issued a false disciplinary ticket, without more, does not give rise to a Fourteenth Amendment claim. This is because "due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses[,] [and a] hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report." *Hadley v. Peters,* 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir.1995) (citations omitted).

The disciplinary hearing and Adjustment Committee report will not be analyzed further because a right to due process has not been triggered. However, the complaint will be dismissed without prejudice to provide Plaintiff an opportunity to file an amended complaint.

Insofar as Warden Harrington adopted the Adjustment Committee's report, as pleaded, the complaint does not suggest any basis for Warden Harrington to question the disciplinary report or Adjustment Committee report. At best, Harrington might have had reason to question if internal procedures were followed, but the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir. 1982). Thus, no claim has been stated against Warden Harrington.

Relative to Director Godinez, even assuming he received the grievance, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson,* 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). Further, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli,* 81 F.3d at 1430. The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir. 1982). Director Godinez will be dismissed with prejudice.

### Motion for Counsel

The dismissal of the complaint, and Plaintiff's motion for recruitment of counsel (Doc. 3) beg the question, Can Plaintiff proceed *pro se*? *Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015). There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently

present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff love asserts that he has attempted to retain counsel without success, but he does not offer any details or supporting documentation. Plaintiff otherwise notes that he only has "some high school education" and does not "fully comprehend the law." His only medication is ibuprofen. Although the complaint failed to state a claim, it is well drafted, clearly presenting the allegations and relevant legal principles. Plaintiff has, so far, demonstrated that he is capable of drafting an amended complaint without the assistance of counsel. Also, it appears that the re-pleading of Plaintiff's due process claims can be done from Stateville Correctional Center. Therefore, his motion for counsel (Doc. 3) will be denied without prejudice and the Court will remain open to assigning counsel to represent Plaintiff.

## Disposition

IT IS HEREBY ORDERED that, for the reasons stated, **COUNT 1** is **DISMISSED without prejudice**; Defendants **RICHARD HARRINGTON, SHEL STILLWELL-DAVIS, TIMOTHY R. VEATH and JASON HART** are **DISMISSED without prejudice**; Defendant **DIRECTOR GODINEZ** is **DISMISSED with prejudice**.

IT IS FURTHER ORDERED that Plaintiff's motion for counsel (Doc. 3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, on or before **October 30, 2015**, Plaintiff shall file an amended complaint. Any amended complaint will undergo preliminary review consistent with 28 U.S.C. § 1915A. Failure to file an amended complaint will result in the dismissal of this action with prejudice and the assessment of a "strike" for purposes of 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 2, 2015**

<u>s/ STACI M. YANDLE</u>
**United States District Judge**