IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODNEY LOVE**<br>**No. R43579,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**RICHARD HARRINGTON,**<br>**SHEL STILLWELL-DAVIS,**<br>**TIMOTHY R. VEATH, and**<br>**JASON N. HART,**<br><br>    **Defendants.** | Case No. 15−cv−0937−MJR |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Rodney Love, an inmate in Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that allegedly occurred at Menard Correctional Center. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action will be dismissed when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A. Portions of this action are subject to summary dismissal.

## THE AMENDED COMPLAINT

Plaintiff filed his original Complaint on August 24, 2015. (Doc. 1). On October 2, 2015, the Court dismissed the Complaint without prejudice for failure to state a claim. (Doc. 6). Specifically, the Court found that Plaintiff's allegations that he was exposed to mold, deprived of his property, lost weight and that a guard threatened violence when his attorney called, did not create a liberty interest. (Doc. 6, p. 5). The Order further found that the conditions described were the actions of individuals who are not parties to this case, the conditions were not atypical

per se and that the one-year period, standing alone, did not create a liberty interest.  (Doc. 6, p. 6).  As the Court found that no liberty interest was implicated, it did not conduct further analysis on Plaintiff's due process claim.  (Doc. 1, p. 6).  The Court also rejected Plaintiff's claim against Shel Stillwell-Davis, because allegations that a defendant wrote a false disciplinary report fail to state a claim upon which relief could be granted.  (Doc. 6, p. 6).  The Court likewise dismissed claims against Richard Harrington and Salvador Godinez on the grounds that Harrington had no notice of the alleged violations and that Godinez was not personally involved.  (Doc. 6, p. 6-7).

Plaintiff filed his Amended Complaint on November 3, 2015.  (Doc. 7).  The Amended Complaint alleges that Defendant Stillwell-Davis generated a false disciplinary report on November 20, 2013 for 103- bribery, extortion and 601- aiding, abetting, attempt, solicitation. (Doc. 7, p. 3).  Prior to his hearing, Plaintiff informed the adjustment committee in writing that he wished to call his cellmate, Seith Williams, as a witness.[1]  (Doc. 7, p. 3).  On November 27, 2013, the Adjustment Committee held a disciplinary hearing during which Plaintiff again verbally requested that the committee call his cellmate.  He was told that Williams would not be needed as a witness.  (Doc. 7, p. 4).  The report also omits Plaintiff's witness request.  (Doc. 7, p. 4).  Plaintiff pleaded not guilty.  (Doc. 7, p. 4).  However, the Adjustment Committee found him guilty, based on Stillwell-Davis' disciplinary report.  Plaintiff received 1 year segregation, 1 year C-grade, 1 year commissary restriction, and a disciplinary transfer.  (Doc. 7, p. 5).

At Pontiac Correctional Center, it is common for inmates to throw urine and feces on each other.  (Doc. 7, p. 6).  The inmates also engage in verbal abuse of one another, including shouting and beating on desks and cell doors at all hours.  (Doc. 7, p. 7).  Plaintiff alleges that the

---

[1] It is unclear why this witness would have been helpful to Plaintiff, as the disciplinary report indicates Plaintiff was out of his cell at the relevant time period.

shouting kept him from sleeping at night. (Doc. 7, p. 7). Plaintiff was also forced to take his exercise alone, in contrast to at Menard and Stateville, where inmates in segregation can engage in recreational activities with other prisoners, such as basketball, card games, and dominos. (Doc. 7, p. 7).

## DISCUSSION

Previously, the Court determined that Plaintiff's Complaint contained one claim:

**Count 1:** Defendants violated Plaintiff's Fourteenth Amendment right to due process in relation to the November 20, 2013 disciplinary report and subsequent administrative proceedings.

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or

property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). But "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Id.* (citing *Lekas v. Briley*, 405 F.3d 602, 608-09, n. 4 (7th Cir. 2005) ("[R]eassignment from the general population to discretionary segregation does not constitute a deprivation of a liberty interest.")); *Crowder v. True*, 74 F.3d 812, 815 (7th Cir. 1996). This is because discretionary, or administrative, segregation is not considered "atypical," but rather an "ordinary incident of prison life" that prisoners should anticipate during their time in prison. *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008).

"[I]f the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh," then some process is needed. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009). The Seventh Circuit has clarified that a court must consider the length of segregated confinement together with all of the conditions of that confinement in determining whether a liberty interest is implicated; it is an error to only consider terms of longer than six months, and conditions should not be considered in isolation from one another. *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015).

The Court previously dismissed the Complaint because, although Plaintiff had spent approximately a year in segregation, his Complaint alleged only that his property was stolen by unknown staff members in retaliation, he was not given medical treatment related to mold, he lost weight, and a guard threatened violence when he asked to call his attorney. The Court found that the "conditions" described by Plaintiff were actually the result of individual action taken by

those not party to this case. (Doc. 6, p. 6). Now, Plaintiff has dropped his claims about mold, weight and guard conduct completely. He asserts that the conditions at Pontiac, which include inmates throwing feces at each other, inmates making noise twenty four hours a day and preventing Plaintiff from sleeping and solitary exercise in small areas are so bad as to trigger due process protections. In light of the Seventh Circuit's comments in *Kervin*, and because it appears that Plaintiff was inexplicitly given a year in segregation for a non-violent disciplinary offense, the Court now finds that Plaintiff has adequately pleaded that he was denied of a liberty interest.

Plaintiff also claims that Defendants Veath and Hart deprived him of due process when they refused to call his witness and then falsified the adjustment committee report to show that Plaintiff did not request his witness. As *Wolff* clearly states that prisoners are entitled to call the witnesses so long as the safety and security of the institution is not at issue, and Plaintiff alleges that he was not permitted to call his witness, he has sufficiently stated a due process claim against Defendants Veath and Hart.

Although Plaintiff has also attempted to restate his claims against Defendant Harrington and Defendant Stillwell-Davis, he has provided no new factual allegations that would establish liability as to either Defendant. When a plaintiff restates claims that have previously been dismissed, those claims are futile. *Garcia v. City of Chicago, Illinois*, 24 F.3d 966, 970 (7th Cir. 1994). Accordingly, the Court's prior ruling on Plaintiff's claims against those defendants stands, and they remain **DISMISSED without prejudice**.

## Pending Motions

Plaintiff's Motion for Status is **DENIED** as **MOOT**, as this order makes it unnecessary. (Doc. 8).

### Disposition

**IT IS ORDERED** that Defendants Stillwell-Davis and Richard Harrington are **DISMISSED without prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Veath and Hart:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or  counsel.  Any paper received by a district judge or magistrate judge that has

not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 11, 2016**

s/ STACI M. YANDLE
 **U.S. District Judge**
