**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RODNEY LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  3:15 CV 937 SMY/RJD |
| | ) | |
| RICHARD HARRINGTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's six pending motions.  (Docs. 50, 52, 53, 54, 56, 57.)  Plaintiff is an inmate of the Illinois Department of Corrections and is currently incarcerated at Stateville Correctional Center.  On August 24, 2015, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  (Doc. 1.)  On August 12, 2016, the Court screened Plaintiff's amended complaint, and Plaintiff now proceeds against Defendants Veath and Hart on a single claim, alleging a violation of his right to procedural due process under the Fourteenth Amendment in relation to Plaintiff's disciplinary proceedings in November 2013.

### Plaintiff's Motions to Compel Discovery

Plaintiff's pending motions include two motions to compel discovery.  Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  *Id.*  "Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises

mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

On October 19, 2016, Plaintiff served his First Set of Requests for Production. (Doc. 50 at 23-25.) On May 30, 2017, Plaintiff served his Second Set of Requests for Production. (*Id.* at 26-28.) On July 26, 2017, Plaintiff moved to compel Defendants' responses to his requests for production. (Doc. 50.) On September 18, 2017, Plaintiff filed a second motion to compel Defendants' responses to his requests for production. (Doc. 56.) Plaintiff takes issue with the following responses:

First Set of Requests for Production

**Request for Production No. 1:** All notes, reported done by hearing investigator Rebecca A. Cowan.

**Response:** Objection. Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad in time and scope, unduly burdensome, and not proportional to the needs of the case. See Fed. R. Civ. P. 26(b). All notes and reports ever done by hearing investigator Rebecca A. Cowan are not relevant to the instant case. Notwithstanding said objection, Defendants refer Plaintiff to documents Bates stamped 000016-000018 previously provided herein.

**Request for Production No. 2:** All notes, reports done by Lt. Gieselman and Lt. J. Powell.

**Response:** Objection. Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad in time and scope, unduly burdensome, and not proportional to the needs of the case. See Fed. R. Civ. P. 26(b). All notes and reports ever done by hearing investigators Lt. Gieselman and Lt. J. Powell are not relevant to the instant case. Notwithstanding said objection, Defendants refer Plaintiff to documents Bates stamped 000016-000018 previously provided herein.

Plaintiff argues that Defendants' objections are improper because the requested information is relevant to his claims to show evidence of motive, knowledge, policy, practice, or custom. Even assuming that the requested documents are relevant, Plaintiff fails to address Defendants' objection that the request is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiff's claim pertains to a single disciplinary decision that occurred on November 2013. The Court agrees that Plaintiff's request for notes and reports without limiting the period of time or identifying a specific topic is overly broad, unduly burdensome, and disproportionate to the needs of the case. Therefore, Plaintiff's Motion to Compel is denied with respect to Requests for Production Nos. 1 and 2.

> **Request for Production No. 4:** All Internal Affairs Memorandums dealing with this issue.

> **Response:** Defendants states that there are no responsive documents to this request.

Plaintiff states that a correctional officer filed an incident report on November 20, 2013, that states, "T.O.T. I/A". (Doc. 50 at 7.) Defendants respond that the report does not indicate that Internal Affairs prepared any memorandums related to the incident report and that Internal Affairs informed defense counsel that it did not conduct an investigation regarding this incident. In the absence of any compelling reason to question the credibility of the response and satisfied by defense counsel's investigative efforts, the Court credits Defendants' response. Plaintiff's Motion to Compel is denied with respect to Request for Production No. 4.

Plaintiff argues that Defendants' objections to Requests for Production Nos. 4, 7, 9, and 12 based on safety and security concerns are inappropriate. Defendants did not object on the basis of safety and security concerns in response to Requests for Production Nos. 4, 7, 9, and 12, but did object on that basis in response to Requests for Production Nos. 11 and 13. Specifically, Plaintiff requested the identity of and any information from confidential informants, and

Defendants objected on the basis of relevance and safety and security concerns. According to the Adjustment Committee Report, the disciplinary decision relied solely on a correctional officer's statement, and the safety and security concerns raised by revealing the identity of confidential informants are well established. *See Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) ("Branding an inmate a snitch can expose him to serious harm and may violate the Eighth Amendment."). Plaintiff's Motion to Compel is denied with respect to Defendants' objections on the basis of safety and security concerns.

> **Request for Production No. 9:** All internal memos on decisions of prison officials that place inmates in seg. without notice or hearing.

> **Request for Production No. 10:** Any complaints about prisoners being punished for filing grievances from 2013 till 2017.

> **Request for Production No. 15:** Any rules/policies/practices giving to staff to follow dealing with procedures to follow dealing with Adjustment committee.

Plaintiff argues that Defendants cannot object to these requests because the requested documents are relevant to show a pattern or practice. Defendants object on the basis of relevance and scope. As an initial matter, Plaintiff has not pled a pattern or practice claim against a municipality or other governmental entity; rather, Plaintiff alleges a claim against two individual defendants. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Plaintiff's allegations state that he was placed in segregation with notice and hearing, suggesting that Request No. 9 seeks irrelevant information. Request No. 10 similarly seeks irrelevant information as Plaintiff's claim pertains to procedural due process and does not mention grievances or retaliation. Additionally, Plaintiff fails to place reasonable limitations (e.g., time, facility) on any of the three requests. Plaintiff's Motion to Compel is denied with respect to Requests for Production Nos. 9, 10, 15.

**Request for Production No. 17:** All materials by Kimberly Butler that's relevant to this issue. Also Richard Harrington.

**Response:** Objection. Defendants object to this Request as seeking information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overbroad in time and scope, unduly burdensome, and not proportional to the needs of the case. See Fed. R. Civ. P. 26(b). All materials by Kimberly Butler and Richard Harrington are not relevant to the instant case. Notwithstanding said objection, Defendants refer Plaintiff to documents Bates stamped 000016-000018.

Plaintiff argues that Kimberly Butler and Richard Harrington were wardens at Menard Correctional Center during the period of time relevant to this case. The Court observes a disconnect between Plaintiff's request for documents that are relevant and Defendants' objection on the basis of irrelevance but also recognizes the difficulties presented by attempting to fulfill a request for all documents relevant to an unspecified issue – in other words, a vague request. Plaintiff's Motion to Compel is denied with respect to Request for Production No. 17.

Plaintiff also moves to compel with respect to Request for Production No. 18 in which Plaintiff states that Defendants produced only a half-page of one document that details his grievance history and requests a complete copy of the document. Defendants respond that they have produced the document as they received it. In the absence of any indication that Defendants are withholding documents responsive to this request, Plaintiff's Motion to Compel is denied with respect to Request for Production No. 18.

Second Set of Requests for Production

**Request for Production No. 1:** Any and all grievances, complaints, or other documents received by prison staff i.e. Defendants and other sources counselors A.R.B. etc. concerning the mistreatment of inmates by defendants and any memoranda, investigative files, or other documents created in response to such complaints, since January 1, 2013 til present.

**Request for Production No. 14:** Internal Affairs Master files concerning Plaintiff and Defendants.

Plaintiff argues that he is entitled to information regarding prior complaints lodged against Defendants and incidents of force involving Defendants. Defendants objected to Requests for Production Nos. 1 and 14, stating that such information is irrelevant to Plaintiff's claim of procedural due process. Significantly, Plaintiff's claim does not involve an incident of force; rather, Plaintiff alleges that Defendants refused to allow him to call a witness and falsified the adjustment committee report. Plaintiff quotes Fed. R. Evid. 608(a), noting that Defendants' credibility may be at issue if the case proceeds to trial. However, Fed. R. Evid. 608(a) allows only for the admission of testimony regarding a witness' character or reputation; the rule does not extend to documents. Additionally, Plaintiff's requests as written are overly broad and disproportionate to the needs of the case. Plaintiff's Motion to Compel is denied with respect to Requests Nos. 1 and 14.

> **Request for Production No. 4:** List any and all inmate workers name on the date of this ticket and on the day of Adjustment committee. The gallery workers in N1 2013 on the date of the incident.
>
> **Response:** Objection. Defendants object to this Request as it is outside the scope of discovery as it is overly broad in time and scope, unduly burdensome, and not proportional to the needs of the case. Fed. R. Civ. P. 26(b). Additionally, Defendants object to the production of inmate worker's names on the date of this ticket and on the day of Adjustment Committee and gallery workers on the date of the incident as it would violate privacy laws. Defendants also object to this request as compliance with this request raises security concerns.
>
> **Request for Production No. 8:** All of inmates names in N2 seg from 601 thru 605.
>
> **Response:** Objection. Defendants object to this Request as it is outside the scope of discovery as it is overly board in time and scope, unduly burdensome, and not proportional to the needs of the case. Fed. R. Civ. P. 26(b). Additionally, Defendants object to the production of all inmate names in N2 seg from 601 thru 605 as it would violate privacy laws. Defendants also object to this request as compliance with this request raises security concerns.

Plaintiff argues that he is entitled to responses for purposes of obtaining witnesses. With respect to Request for Production No. 4, the focus of this action is conduct of Defendants Veath and Hart on the date of Plaintiff's disciplinary proceedings as well as the severity of deprivation that followed, which renders irrelevant any testimony relating to the events that occurred on the date of the ticket's issuance. Moreover, the request is overly broad as Plaintiff neglects to limit the request to inmate workers who might have, in fact, witnessed Defendants' conduct. Request for Production No. 8 is not limited with respect to time and is similarly overly broad. Plaintiff's Motion to Compel is denied with respect to Requests for Production Nos. 4 and 8.

Plaintiff argues that Defendants must respond to Requests for Production Nos. 6, 7, 9, 10, 11, 16, 21, and 22. With each of these requests, Plaintiff seeks documents related to his medical treatment, and Defendants respond that Plaintiff's allegations that he was exposed to mold following the disciplinary proceedings are irrelevant to his claim of procedural due process. For a procedural due process claim, Plaintiff must show: (1) a deprivation of a protected liberty or property interest; and (2) the absence of constitutionally adequate procedural safeguards in connection with the deprivation. *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 870 (7th Cir. 2009). Upon review of the docket, it appears that whether the deprivation was of a sufficient severity to require constitutionally adequate procedural safeguards remains an open issue. (*See* Doc. 9 at 6.) Although Plaintiff's Requests for Production are deficient in many respects, the Court finds that Plaintiff's medical records are relevant to his claim and that Plaintiff's request for them is reasonable. Accordingly, the Court orders Defendants to produce Plaintiff's medical records from November 2013 to November 2015.[1]

---

[1] To the extent Defendants are concerned about a HIPAA violation, the Court advises Defendants to move for a protective order. *See* 45 C.F.R. § 164.512(e)(1)(v).

\* \* \*

Pursuant to the 2015 amendments, the Federal Rules of Civil Procedure require that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). A benefit of this amendment is that a party is unlikely to dispute objections if prevailing on the dispute would not result in the production of additional documents. Throughout Defendants' responses, Defendants assert objections without clarification as to the existence of responsive documents. Such clarification would have likely alleviated many of Plaintiff's concerns regarding discovery in this case, and the Court advises that Defendants may benefit from complying with Fed. R. Civ. P. 34(b)(2)(C) in future proceedings.

## Other Motions

Plaintiff has moved for an order to compel prison officials to produce copies of the departmental regulations relating to administration of discipline. (Docs. 52, 54.) According to Plaintiff's motions, Plaintiff has requested copies from the prison library, but his request was denied. Defendants respond that the officials at Stateville Correctional Center, where Plaintiff currently resides, are not parties to this action and that Defendants have provided Plaintiff with the relevant portions of the departmental regulations. Although Plaintiff has not provided the Court with a sufficient basis to issue an order against non-parties, Plaintiff's request for the departmental regulations is reasonable. Defendants do not object to Plaintiff's possession of such regulations and may have already satisfied his request. Accordingly, the Court orders Defendants to provide Plaintiff with copies of the departmental regulations relating to administration of discipline (Part 504, Subpart A) to the extent that Defendants have not already provided them.

Plaintiff moves for a complete copy of Defendants' response to his motions regarding the departmental regulations discussed above. (Doc. 57.) Plaintiff references the page numbering at the bottom of Defendants' four-page response, which suggests that the response consists of ten pages. (*See* Doc. 55.) Despite the page numbering, Defendants' four-page response nevertheless appears to be a complete document with consecutively numbered paragraphs, a wherefore clause, and a certificate of service. Moreover, Plaintiff's motion suggests that he possesses the entirety of Defendants' response as it was filed with the Court. Accordingly, Plaintiff's Motion for Copies is denied.

Plaintiff also moves for an extension of time, alleging denial of access to the courts and a lack of access to a copy machine. (Doc. 53.) Plaintiff fails to specify the deadline for which he requests an extension. Accordingly, Plaintiff's Motion for an Extension of Time is denied.

As indicated above, Defendants submitted a response to Plaintiff's motions for order to compel prison officials to produce copies of the departmental regulations relating to administration of discipline. (Doc. 55.) Therein, Defendants moved for an order to compel Plaintiff to respond to Defendants' discovery requests. Notably, Defendants did not attach copies of the discovery requests, and, according to the motion, Defendants filed the motion on the same day they mailed correspondence as an effort to confer. Indeed, Defendants have failed to comply with every aspect of the requirements for motions to compel set forth in the Scheduling and Discovery Order (*see* Doc. 17 at 3), and the Court has no information regarding a timeline, the substance of the requests, or the extent of any response. Accordingly, to the extent Defendants have filed a motion to compel, it is denied.

## <u>CONCLUSION</u>

It is hereby ORDERED that Plaintiff's Motions to Compel Discovery (Docs. 50, 56) are GRANTED in part and DENIED in part.  Defendants shall produce Plaintiff's medical records from November 2013 to November 2015 by November 21, 2017.   It is further ORDERED that Plaintiff's Motions to Compel Prison Officials (Docs. 54, 57) are GRANTED in part and DENIED in part.  Defendants shall produce copies of the departmental regulations relating to administration of discipline (Part 504, Subpart A) to the extent that Defendants have not already provided them by November 21, 2017.  It is further ORDERED that Plaintiff's Motion for Extension of Time (Doc. 53) and Motion for Copies (Doc. 57) are DENIED.


**SO ORDERED.**

**DATED:  <u>October 24, 2017</u>**                    <u>s/      *Reona J. Daly*          </u>
                                                    UNITED STATES MAGISTRATE JUDGE